UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                                                                             No. 05 Cr. 563 (LTS)

NELSON SOLANO,

            Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Defendant Nelson Solano ("Solano") has been charged in a two-count Superseding Indictment with conspiring to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Sections 952, 960(a)(1), 960(b)(1)(A), and 960(b)(1)(B) (Count 1) and Sections 812, 841(a)(1), and 841(b)(1)(A) (Count 2). (Docket entry no. 30.) The Government has moved in limine to preclude Solano's evidentiary proffer of certain audio-recordings and related transcripts, attached to the Government's motion as Exhibits A, B, C, and D, on the basis that the recordings are inadmissible hearsay and therefore should be precluded under the Federal Rules of Evidence. Solano argues that each of these recordings is admissible and relevant to his affirmative defenses of actual public authority and entrapment by estoppel. The Court has considered thoroughly the parties' submissions. The Court addresses each of the challenged evidentiary proffers in turn.

Exhibit A

Exhibit A consists of a March 16, 2005, conversation between Solano and his wife, Carmen Cardoso ("Cardoso"), in which Solano insists that he is a registered agent with the Drug Enforcement Agency and that, specifically, he registered with the agency twice. (Government's Motion in Limine, Ex. A.) Solano's statement, were it to be proffered for the truth of the matter asserted, would be inadmissable hearsay precluded by Federal Rules of Evidence 801(c) and 802.

See Fed. R. Evid. 801(c), 802. Solano argues that the statement is not, however, being introduced for its truth but, rather, as indicative of Solano's state of mind. Solano argues that this evidence is probative of his belief that he was authorized to engage in certain conduct and therefore it is relevant to his affirmative defenses.

The Government represents, and Solano does not contest, that the Government's case-in-chief will be based on evidence of Solano's alleged illegal narcotics-related activity in 2003 and 2004.[1] (Government's Motion in Limine, 6-7.) Solano's state of mind in March 2005 is therefore irrelevant, see Fed. R. Evid. 401, and the statement is only relevant to the extent it captures Solano's memory in March 2005 of what he believed at the relevant times in 2003 and 2004. Such backward-looking statements of memory by out-of-court declarants are inadmissable. See Fed. R. Evid. 801, 802, 803(3); United States v. Harwood, 998 F.2d 91, 97-98 (2d Cir. 1993) (upholding exclusion of a statement reflecting the declarant's memory of conduct that had occurred five months earlier); United States v. Cardascia, 951 F.2d 474, 486 (2d Cir. 1991) (upholding exclusion of a resignation letter reflecting declarant's memory of his alleged state of mind during conduct that had occurred six months earlier). Accordingly, the Government's motion to preclude Solano from introducing Exhibit A is granted, without prejudice to any further motion by the parties concerning Exhibit A in the event Solano chooses to testify.

Exhibit B

Exhibit B consists of a February 21, 2004, conversation between Cardoso and Oscar (a man who, unbeknownst to Cardoso at the time, was a government agent), in which Cardoso

---

[1] With respect to both counts, the Superseding Indictment references a conspiracy existing "[f]rom in or about 2003 up to and including in or about 2005" (Superseding Indictment ¶¶ 1, 4), and alleges overt acts occurring between November 2003 and February 2005 (Superseding Indictment ¶¶ 3, 6).

informs Oscar that Solano is unaware of her narcotics trafficking and would be extremely upset if he were to learn of it. (Government's Motion in Limine, Ex. B.)  Solano argues that this conversation also is admissible on a "present state of mind" theory. However, Cardoso's state of mind is irrelevant to the charges against Solano. See Fed. R. Evid. 401. Rather, the proffered statement would be relevant only if Cardoso's stated belief that Solano was unaware of her narcotics trafficking were actually true. However, when proffered on that basis, the statement is inadmissible hearsay. See Fed. R. Evid. 801(c), 802. Accordingly, the Government's motion to preclude the proffer of Exhibit B is granted.

### Exhibits C and D

In light of the parties' agreement that consideration of the admissibility of these recordings and transcripts may be deferred until Solano determines whether he will testify at trial, the Government's motion is terminated with respect to Exhibits C and D, without prejudice to renewal at a later juncture.

### CONCLUSION

For the foregoing reasons, the Government's motion to preclude Solano from introducing Exhibit A is granted, without prejudice to any further motion by the parties concerning Exhibit A in the event Solano chooses to testify. The Government's motion to preclude Solano's proffer of Exhibit B is granted. The Government's motion to preclude Solano's proffer of Exhibits C and D is terminated, without prejudice to renewal at a later juncture. This Order resolves docket

entry no. 164.

       SO ORDERED.

Dated: New York, New York
      July 8, 2010

                                        LAURA TAYLOR SWAIN
                                        United States District Judge